John McAllister, Appellant, v. Edward V. Campbell, Appellee.

Intoxicating liquors: SALE BY DRUGGIST: REQUESTS: ATTESTATION. The statute requires that a registered pharmacist before selling or delivering any intoxicating liquors shall take a written request therefor, which shall be attested by him; and omission to attest such request will render the sale illegal and the business may be enjoined as a nuisance, regardless of the question of good faith.

*Appeal from Linn District Court.*—Hon. Milo P. Smith, Judge.

SATURDAY, MARCH 14, 1914.

Suit in equity to enjoin a liquor nuisance. There was a decree dismissing the petition, and the plaintiff appeals.—*Reversed.*

*M. S. Odle,* for appellant.

*Heald & Lockwood,* for appellee.

Evans, J.—The defendant was a pharmacist and permit holder, and engaged in operating a drug store at Center Point, Linn county, Iowa. The contention of plaintiff is that the defendant was guilty of violating the provisions of section 2394 of the Code, which is as follows:

Before selling or delivering any intoxicating liquors to any person, a request must be signed by the applicant, in his

true name, truly dated, stating the applicant is not a minor, his residence, for whom and whose use the liquor is required, and his true name and residence, and, where numbered, by street and number if in a city, the amount and kind required, the actual purpose for which the request is made, and for what use desired, and that neither the applicant nor the person for whose use requested habitually uses intoxicating liquors as a beverage, and attested by the permit holder who receives and fills the request.    The request shall be refused unless the permit holder has reason to believe the statement to be true, and in no case granted unless the permit holder filling it personally knows the person applying is not a minor, intoxicated, nor in the habit of using intoxicating liquors as a beverage; or, if the applicant is not so personally known, before filling the order or delivering the liquor, he shall require identification, and the statement in writing of a reliable and trustworthy person, of good character and habits, known personally to him, that the applicant is not a minor, nor in the habit of using intoxicating liquors as a beverage, and is worthy of credit as to the truthfulness of the statements in the application; and this statement so made shall be signed by the witness in his own name, stating his residence correctly.

The alleged violation of the statute by the defendant consists largely of defects of form in the requests by purchaser. Seven of these requests were introduced in the record known as Exhibits 1, 2, 3, 4, 6, 7, 8.    Defects are pointed out in each of the foregoing exhibits.    Some of these defects are slight and formal, and the objections based thereon are exceedingly technical.    As to some of these we would be slow to hold that they violate express requirements of the statute, although the attempted compliance has resulted in an awkward and imperfect form.    One defect, however, is pointed out in Exhibits 2 and 8 which seems to be quite decisive, and we will confine our attention thereto.

These applications (Exhibits 2 and 8) were not "attested by the permit holder."    Such attesting is an express requirement of section 2394.    It was wholly omitted.    It is true that there was no bad faith apparent in the omission.    The defend-

ant confessedly made all sales of intoxicating liquors in person, and made none through any clerk. The application was regularly returned to the auditor as a sale by the defendant, and was presented to the auditor for his attestation. But the violation of the statute cannot be made to turn upon a question of good faith. An active duty is required of the permit holder in each case, and it must be performed in fact before he can lawfully make the sale. To hold otherwise would be to destroy the practical working of the statute.

Section 2397 requires that the returns of the permit holder to the county auditor shall be made under oath, and that such oath shall state that the applications presented were ''attested at the date shown hereon.'' The oath of the defendant, therefore, in the present instance was necessarily false. We see no escape, therefore, from the conclusion that there was a failure at this point to meet the express requirement of the statute.

On this ground the judgment entered below must be reversed, and it is so ordered.—*Reversed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concur.